UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                            :

A & B ALTERNATIVE MARKETING, INC.,      :
                                            :

                    Plaintiff,        :  **MEMORANDUM**
                                            :  **DECISION AND ORDER**
      -against-               :

                                            :  19-cv-5679 (BMC)
PAGE FOOD DISTRIBUTORS CORP. d/b/a TOP  :
TOMATO #3, PETER SCIANDRA, and SCOTT  :
REYNOLDS, individually and in any corporate  :
capacity,                                :
                                            :
                  Defendants.     :
--------------------------------------------------------- X

**COGAN**, District Judge.

This is an action for goods sold and delivered pursuant to the Perishable Agricultural

Commodities Act, 7 U.S.C. § 499a *et seq*. ("PACA"). Before me is plaintiff's motion for default

judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth

below, the motion is granted in part.

## BACKGROUND

According to the allegations in the complaint, plaintiff is a perishable produce dealer,

organized and operating under the laws of New York, and licensed to sell its produce products.

The corporate defendant, Page Food Distributors, is also a New York corporation and has its

principal place of business in Staten Island. The complaint alleges that the individual defendant

Sciandra is an officer, director, principal, owner and/or shareholder of Page, and that the

individual defendant Reynolds is in control of Page's assets.

Between July 2, 2019, and August 20, 2019, Page made ten purchases of perishable

produce from plaintiff, each of which was delivered to and accepted by Page. The complaint

alleges that each of the 10 invoices notified Page of plaintiff's right to a trust over the goods or

their proceeds under PACA, as well plaintiff's right to recover interest and attorneys' fees. Nevertheless, Page has failed to pay the invoices, despite plaintiff's demands, leaving a principal balance due of $107,775.50.

Defendants have failed to timely appear and the Clerk of Court has entered their default on the docket pursuant to Federal Rule of Civil Procedure 55(a). Defendants have also failed to respond to plaintiff's motion for a default judgment.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." The Second Circuit has held that it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks and citations omitted).

In support of its motion for default judgment, plaintiff has submitted the declaration of its attorney, which authenticates the invoices annexed to the complaint and again to his affidavit. Each invoice bears the notation that the sale is subject to PACA's statutory trust. In addition, the

affidavit annexes a Statement of Damages for the principal amount due; interest at 9% per annum from the last delivery date to the filing of the motion; and attorneys' fees and costs.

The principal amount claimed is sufficiently proven by the invoices; it is essentially an account stated, see generally In re Rockefeller Ctr. Props., 266 B.R. 52, 57 (S.D.N.Y. 2001), with additional protection provided by federal law as a PACA trust. Similarly, the allegations in the complaint as to the individual defendants' role in the business are sufficient to impose liability. See e.g., Felix Produce Corp. v. New Lots Food Corp., No. 08-cv-5161, 2009 WL 2985444, at *2 (E.D.N.Y. Sept.14, 2009); John Georgallas Banana Distribs. of N.Y., Inc. v. N & S Tropical Produce, Inc., No. 07-cv-5093, 2008 WL 2788410, at *4 (E.D.N.Y. July 15, 2008); Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, Inc., No. 05-cv-273, 2006 WL 3240729, at *3-4 (W.D.N.Y. July 13, 2006); see also "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 125 n.8 (2d Cir. 2008).

As to interest, courts will generally enforce a contractually agreed-upon interest rate. See Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC, No. 09-cv-2614, 2011 WL 6329194, at *8-9 (E.D.N.Y. Dec. 16, 2011). However, contrary to a statement in in one part of plaintiff's supporting memorandum, I see nothing on the invoices fixing an 18% interest rate. Interest will therefore be allowed, by analogy, to the rate provided under New York law in breach of contract cases, see N.Y. C.P.L.R. § 5004, from the date of last delivery.

Similarly, although plaintiff includes attorneys' fees and costs in its Statement of Damages, I see no such provision in the invoices. Attorneys' fees and costs will therefore not be awarded. See Higueral Produce, Inc. v. CKF Produce Corp., No. 18-cv-6760, 2019 WL 5694079, at *11 (E.D.N.Y. Aug. 16, 2019).

## **CONCLUSION**

The motion for a default judgment is granted in part.  The Clerk is directed to enter judgment for plaintiff against defendants, jointly and severally, in the amount of $107,775.50 plus interest at the rate of 9% from August 20, 2019.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       December 23, 2019